HELEN GREEN and DANIEL GREEN, Plaintiffs, *v.* CITY OF NEW YORK and CONSOLIDATED EDISON COMPANY OF NEW YORK, Defendants.

Municipal Court of New York, Borough of Bronx, Second District, March 31, 1941.

*Lewis Charney*, for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*John A. Leddy* and *John F. Kelly* of counsel], for the defendant City of New York.

*Beardsley & Taylor*, for the defendant Consolidated Edison Company of New York.

SULLIVAN, J. This is a motion by the defendant City of New York to amend and resettle a judgment entered in this action to increase the amount of its costs from the sum of thirty-seven dollars and fifty cents as taxed by the clerk to the sum of fifty dollars as sought by the city. The plaintiffs and the defendant Consolidated Edison Company of New York have defaulted upon the motion.

The action was brought to recover damages in the sum of $800 for personal injuries sustained by the plaintiff Helen Green on March 4, 1940, at the intersection of East One Hundred and Seventy-seventh street and Castle Hill avenue in the borough of the Bronx, city of New York, by reason of the alleged negligent operation of a truck of the department of sanitation of the city of New York and causing it to strike an overhanging power wire alleged to have been negligently maintained by the defendant Consolidated Edison Company of New York. A second cause of action was pleaded in behalf of the husband, Daniel Green, to recover damages in the sum of $200 for expenses claimed to have been incurred by him because of his wife's injuries.

At the end of the plaintiffs' case the trial justice dismissed the complaint against the defendant Consolidated Edison Company of New York.

The issues between the plaintiffs and the defendant city were submitted to the jury which returned a verdict for the defendant.

Pursuant to subdivisions 7 and 11-a of section 164 of the Municipal Court Code, the corporation counsel presented to the clerk a bill of costs for fifty dollars in favor of each defendant. The clerk reduced the amount to thirty-seven dollars and fifty cents for each because subdivision 14 of the section provides that the costs shall in no event exceed the sum of seventy-five dollars and each defendant having appeared separately costs in that amount should be apportioned equally between them.

Suppose an employee of each defendant involved in the occurrence had also been sued herein and there were four defendants instead of two, would each of the four be entitled to fifty dollars costs?

An independent search for authorities shows there is not a reported case construing subdivision 14 where there are two or more successful defendants.

The corporation counsel cites two unreported determinations of the Supreme Court, Appellate Term, Second Department, which would seem to indicate that regardless of the number of defendants each is entitled to a bill of costs when appearing separately in an action. (*Queensboro Farm Products Co. v. Hemmelfarb,*

No. 14, January, 1937, Term; *Miles* v. *Flushing Lumber Co., Inc.*, No. 672, September, 1939, Term.)

The search for authorities reveals another unreported determination of the Appellate Term, Second Department, which appears to conflict and specifically holds that where there are three defendants and one of them prevails in the action his costs are limited to twenty-five dollars. (*Firstenberg* v. *City Bus Corp.*, N. Y. L. J. May 4, 1938, p. 2164.)

Recently this court has had occasion to consider the statute upon motions involving taxation of costs and is of the opinion that it should be clarified and simplified. For example, section 164 now has nineteen subdivisions, two of them numbered 11a and 11b, which has resulted in confusion in their application and enforcement. But that is the function of the Legislature.

Upon this motion the court upholds the clerk. To sustain the contention of the corporation counsel might lead to a harsh taxation and one not contemplated by the Legislature. This court is well known as the forum of litigants of limited or no means.

A fair construction of the statute should limit and not increase the amount of costs.

Motion denied.